UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**24 CV 885**

———————————————————X
                                                                                                                             _____Civ._____(       )

RONALD SALOMON,
        PLAINTIFF,

       v.                                **PLAINTIFF'S REQUEST FOR**
                                          **ORDER TO SHOW CAUSE FOR**
BOARD OF IMMIGRATION APPEALS,  **PRELIMINARY INJUNCTION**
                                          **AND STAY PENDING REVIEW**

MERRICK GARLAND, in his official capacity
as United States Attorney General; and

        DEFENDANTS.
———————————————————X

**PLAINTIFF'S REQUEST FOR ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUCTION AND STAY PENDING REVIEW**

Plaintiff, Ronald Salomon, *pro se*, respectfully moves this Court for a Preliminary Injunction and a Stay Pending Review against the Defendants from implementing a January 12, 2024[1] decision and order (hereinafter "BIA Decision"), which suspends him from practice before the Immigration Courts, the Board of Immigration Appeals, and DHS for a period of six (6) months, effective 15 days from the date of the decision. Plaintiff further moves for a stay of the BIA Decision pursuant to 5 U.S.C. § 705 of the Administrative Procedure Act ("APA"),

---

[1] The BIA decision was never served on me. Instead, it was posted on the EOIR website on January 27, 2024.

postponing the effective date of the decision pending the Court's review of the decision. The BIA Decision is annexed as Exhibit A.

As detailed in the accompanying brief, Plaintiff, and his clients, will suffer immediate and irreparable harm if suspended from practice for 6 (six) months. That period can never be restored to him. As the sole practitioner and only attorney of a small law firm, who practices exclusively immigration law, it will cause irreparable harm for Plaintiff to step away from the firm for that length of time and not be able to represent those clients in their removal proceedings, many of whom have been waiting several years for their cases to be heard.

Plaintiff has also demonstrated a likelihood of success on the merits of his claim under the APA. The BIA misapplied the relevant legal standards and did not adequately consider Plaintiff's arguments and evidence. The BIA decision was based on a misinterpretation of 8 C.F.R. § 1003.102(n) and a disregard of Plaintiff's arguments and relevant evidence in the record. It was arbitrary and capricious and was not supported by substantial evidence, and so should be set aside pursuant to 5 U.S.C. § 706(2)(A), (C) of the APA.

Thus, for the reasons set forth in the accompanying brief, Plaintiff respectfully requests this Court to grant the Preliminary Injunction and a Stay Pending Review and to postpone the effective date of the BIA Decision under 5

U.S.C. § 705 pending the adjudication of this case. Petitioner further desires an emergency hearing on this request.

January 31, 2024

Ronald Salomon

305 Broadway, Suite 1102

New York, NY 10007

212-791-0890

Ronsalomon412@gmail.com